UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT LEE McCOLLUM,          ]
                              ]
    Plaintiff,                ]
                              ]
vs.                           ]   6:11-CV-00448-LSC
                              ]
MICHAEL J. ASTRUE,            ]
Commissioner,                 ]
Social Security Administration,]
                              ]
    Defendant.                ]

MEMORANDUM OF OPINION

I.    Introduction.

The plaintiff, Robert Lee McCollum, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") and period of disability. Mr. McCollum timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. McCollum was sixty-one years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has a high school education. (Tr. at 10.) His past

work experiences include employment as a heavy equipment operator, dump truck driver, and the owner/operator of a wrecker business. (Tr. at 10-11.) Mr. McCollum claims that he became disabled on April 5, 2007, due to back, leg, and groin pain. (Tr. at 11.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. § 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. (*Id.*) If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. § 404.1520(a)(4)(ii).

These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. (*Id.*) The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. § 404.1520(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an

impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. § 404.1520(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. McCollum meets the nondisability requirements for a period of disability and DIB and was insured through the date of his decision. (Tr. at 23.) He further determined that Mr. McCollum has not engaged in substantial gainful activity since the alleged onset of his

disability. (Tr. at 16.) According to the ALJ, Plaintiff's degenerative disk disease of the lumbar spine and right knee; history of prostatic adenocarcinoma; prostatectomy with mild residual incontinence; history of a right inguinal hernia; and hernia repair are considered "severe" based on the requirements set forth in the regulations. (Tr. at 23.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. at 17.) The ALJ did not find Mr. McCollum's allegations to be totally credible, and he determined that Mr. McCollum has the following residual functional capacity: medium work which requires only occasional bending and stooping; he cannot do any pushing or pulling with the right leg or climbing. (Tr. at 18-20.)

According to the ALJ, Mr. McCollum is unable to perform any of his past relevant work, he is an "individual of advanced age," and he has a "high school education," as those terms are defined by the regulations. (Tr. at 22.) He determined that plaintiff has "transferable skills from past relevant work." (*Id.*) The ALJ found that Mr. McCollum has the residual functional capacity to perform a significant number of medium jobs. (*Id.*) Even though plaintiff cannot perform the full range of medium work, the ALJ used the Medical-Vocational Rules as guidelines for finding that there are a significant number of jobs in the national economy that he is capable

of performing, such as cashier, machine operator/tender, and security guard. (*Id.*) The ALJ concluded his findings by stating that plaintiff "was not under a 'disability,' as defined in the Social Security Act, at any time through the date of this decision." (Tr. at 23.)

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir.

1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).

Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Mr. McCollum alleges that the ALJ's decision should be reversed and remanded for two reasons. First, he believes that the ALJ incorrectly held that he did not satisfy Medical-Vocational Guidelines ("Grid Rules") 203.07 and 203.15. (Doc. 8. at 3.) Second, Plaintiff contends that the ALJ did not afford proper weight to the severity of his pain when determining the plaintiff's residual functional capacity. (*Id.*)

A.     Medical-Vocational Guidelines

The Medical Vocational Guidelines can be used by the ALJ in certain circumstances to determine the plaintiff's ability to perform work. *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir. 1989). Once it is determined that a plaintiff can no longer perform past relevant work, the Commissioner has the burden of proving that the plaintiff can perform other work. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (*citing Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997)). The Commissioner must consider the plaintiff's age, education, past work experience, and residual functional capacity. *Id.* The plaintiff's ability to perform other work cannot be based on "mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citing *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989)). Rather, the ALJ must name "specific jobs" that the plaintiff is qualified to perform. *Id.* Furthermore, the suggested jobs must be in the plaintiff's geographic area. *Allen*, 816 F.2d at 603. There must be substantial evidence supporting the ALJ's decision. *Wilson*, 284 F.3d at 1277 (citing *Allen*, 880 F.2d at 1201).

Usually, the ALJ should use the Grid Rules to determine what jobs are available to the plaintiff. *Allen*, 880 F.2d at 1202. However, the ALJ cannot rely solely on the Grid Rules when the plaintiff has nonexertional impairments that limit the work he is

able to perform. *Wilson*, 284 F.3d at 1227 (*citing Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996) ("If nonexertional impairments exist, the ALJ may use Medical-Vocational Guidelines as a framework to evaluate vocational factors, but must also introduce independent evidence, preferably through a vocational expert's testimony, of existence of jobs in the national economy that the claimant can perform.")).

A nonexertional limitation exists when, among other things, the plaintiff has "difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." 20 CFR § 404.1569a(c)(1)(vi). When a nonexertional limitation is present, a vocational expert is needed to determine the extent of the plaintiff's ability to work. *Phillips v. Barnhart*, 357 F.3d 1232, 1242-43 (11th Cir. 2004). In fact, failure to use a vocational expert when required compels a finding that the ALJ's decision is not grounded in substantial evidence. *Allen*, 880 F.2d at 1202. The ALJ is limited to asking the vocational expert "a hypothetical question which comprises all of the claimant's impairments." *Wilson*, 284 F.3d at 1227; *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).

In this case, the ALJ found that Mr. McCollum was unable to perform his past employment and so examined the Grid Rules to determine what work the plaintiff could perform. (Tr. at 22.) However, Mr. McCollum's nonexertional limitations

rendered a "strict application" of the Grid Rules inappropriate. (*Id.*) Consequently, the ALJ requested that a vocational expert testify as to the range of work available to the claimant. (*Id.*) In light of the relevant factors, the vocational expert articulated multiple medium jobs that the plaintiff could still adequately perform. (*Id.*) Among the acceptable jobs the expert found were a cashier, machine operator/tender, and security guard. (*Id.*)

Plaintiff does not contest the ALJ's findings; however, Plaintiff contends that the ALJ should have found that this evidence satisfies Grid Rules 203.07 and 203.15. (Doc. 8. at 2-3.) The plaintiff's contention is misplaced; the ALJ's ruling is well-grounded in the law applicable to this case. Plaintiff fails to contest any basis on which the ALJ made his ruling. (Doc. 8. at 2-3.) Rather, Plaintiff simply argues that the ALJ should have interpreted the evidence to satisfy the Grid Rules. (*Id.*) In fact, a strict application of Grid Rules 203.15 and 203.07 would have compelled the ALJ to find that Mr. McCollum was not disabled. 20 C.F.R. pt. 404, subpt. P, App. 2 §§ 203.07, 203.15. (Tr. at 22.) The Grid Rules require that a person in Mr. McCollum's position who is currently approaching retirement, has a high school education, and has transferable skills from skilled and semiskilled work should be found to be not disabled. 20 C.F.R. pt. 404, subt. P, App. 2 § 203.08.

However, because Mr. McCollum also had nonexertional limitations, the ALJ was required to consult a vocational expert to determine the extent of the plaintiff's ability to work. In compliance with 20 C.F.R. 404.1569a(a), the ALJ found that the plaintiff was limited to "medium work which requires only occasional bending and stooping; no pushing/pulling with the right leg; and no climbing." (Tr. at 20.) Had the ALJ done as Plaintiff argues, and only applied Grid Rules 203.15 and 203.07, there would have been a valid basis for reversal of the ruling. *Wilson*, 284 F.3d at 1227 (stating that a vocational expert must be consulted when the claimant exhibits nonexertional impairments). Plaintiff's contention is not even supported by the rules he argues that he satisfies. "The rules do not direct factual conclusions of disabled or not disabled for individuals with solely nonexertional types of impairments." 20 C.F.R. pt. 404, subpt. P, App. 2 § 200.00 (e)(1).

For the above reasons, the Court is of the opinion that the ALJ did not err in finding that Mr. McCollum did not satisfy Grid Rules 203.07 and 203.15.

B.   Pain Allegations

The plaintiff also suggests that the ALJ failed to give sufficient weight to his testimony concerning the severity of the pain he experienced. (Doc. 8. at 2.) The Eleventh Circuit uses a three part test to evaluate the extent of pain suffered by a

plaintiff. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(citing *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986)). The test requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can reasonably be expected to cause the alleged pain." *Id.* "In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." SSR 96-7P, 1996 WL 374186.

The ALJ should find the plaintiff to be disabled if the medical evidence supports the plaintiff's testimony. *Foote*, 67 F.3d at 1561. However, the ALJ is required to "identify any inconsistencies" present in the plaintiff's allegations. *Id.* If the ALJ believes the plaintiff's pain allegations are not credible, the ALJ must state specific reasons for doing so that are supported by substantial evidence. *East v. Barnhart*, 197 Fed. Appx. 899, 903-04 (11th Cir. 2006) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *Petteway v. Comm'r of Soc. Sec.*, 353 Fed. Appx. 287, 289 (11th Cir.

2009) (finding substantial evidence for ALJ to discredit the claimant when the claimaint improved after certain medical procedures, did not consistently take medication, and supporting medical evidence was inconsistent).

In this case, the ALJ found that the medical evidence presented did not support the plaintiff's statements regarding his level of pain. (Tr. at 23.) Even though the ALJ found sufficient evidence to establish a medical condition capable of producing the pain alleged by the plaintiff, numerous inconsistencies throughout the record precluded the ALJ from fully crediting the plaintiff's statements. (Tr. at 20.) The ALJ was correct to find the plaintiff's pain allegations to not be credible.

The ALJ noted that during the hearing the plaintiff repeatedly changed his testimony regarding the amount of medication he took daily. (Tr. at 19-20.) At first, the plaintiff testified that he only took "two Lortab 10 tablets a day." (Tr. at 19.) A third pill would be required only when the plaintiff was "physically active." (Tr. at 19-20.) Subsequently, the plaintiff changed his testimony to state that he usually takes four pain pills a day. (Tr. at 20.) However, the ALJ found that "[b]ased on the prescriptions reflected in Dr. Cross' records, the number of tablets the claimant has received—even assuming he filled every prescription—would be insufficient to support the amount of medication he alleges using daily." (Tr. at 20.)

The plaintiff contends that the ALJ erred in finding that he failed to consistently take the prescribed pain medication. (Doc. 8 at 2.) The plaintiff's only response to the ALJ's finding is that "[Plaintiff] was prescribed refills at his request." (Doc. 8 at 2.) This response does nothing to subvert the ALJ's finding that the plaintiff overstated his prescription use. Despite the fact that the plaintiff may have received refills whenever needed, the ALJ was correct to note that the medical records simply do not support the plaintiff's assertion that he took the amount of medication he claims to have taken. In fact, the plaintiff fails to address the basis of the ALJ's findings at all. (Doc. 8 at 2-3.)

The plaintiff also contends that radial pain in his right leg supports his claim of severe pain. (Doc. 8 at 2.) Specifically, the plaintiff argues that an MRI demonstrates that he suffers from a high level of pain. (*Id.*) This argument is also unavailing. The MRI the plaintiff relies on to establish his current pain level was taken in 2007. (Tr. at 12-13.) In fact, the report from the MRI merely suggested that "the claimant be offered an epidural steriod injection." (Tr. at 13.) Further, the plaintiff testified that his current medication adequately addresses his pain. (Tr. at 15.) Consequently, the ALJ was justified in finding that the plaintiff's pain allegations were not credible.

IV.     Conclusion.

Upon review of the administrative record, and considering all of Mr. McCollum's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law.  A separate order will be entered.

Done this 7th day of March 2012.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
167458